UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE ROGERS,

    Plaintiff,

v.                              CAUSE NO. 3:25-CV-188 DRL-SJF

FLAGSTAR BANK FSB,

    Defendant.

OPINION AND ORDER

Willie Rogers filed a complaint requesting that this court require Flagstar Bank to accept what he refers to as a "Bill of Exchange" as legal tender. He cites a litany of federal financial and banking statutes, but his complaint does not meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Mr. Roger's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Mr. Roger's complaint does not comply with the Federal Rules of Civil Procedure.

The court must determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson*, 551 U.S. at 94, it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The court will not grant the

*in forma pauperis* motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ms. Roger's complaint does not.

Mr. Rogers must also establish that he has standing to bring a claim, and he hasn't here. The United States Constitution confines the federal judiciary's power to "Cases" and "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, a plaintiff must have standing—an injury, fairly traceable to the defendant's conduct, that the court's decision will likely redress. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021). Standing is not "dispensed in gross," so a plaintiff "must demonstrate standing for each claim [he presses] and for each form of relief [he seeks]." *TransUnion*, 141 S. Ct. at 2208.

A plaintiff must allege an injury both "concrete *and* particularized." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *TransUnion*, 141 S. Ct. at 2203 (citation and quotations omitted). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560 n.1 (1992). "Concrete" means the injury must be "real," though not necessarily "tangible." *Spokeo*, 578 U.S. at 340. The case must also be ripe. *Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021). Ripeness "gives effect to Article III's Case or Controversy

requirement by preventing the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* at 560.

Mr. Rogers fails to establish an injury and ripeness. It isn't clear from his complaint what legal process he wants Flagstar to comply with, but it is clear that his complaint is entirely speculative. *See Ashcroft*, 556 U.S. at 678. He hasn't alleged that Flagstar has done anything wrong or illegal or harmed him at all. Instead, he asks the court to step in as a precaution to make Flagstar comply with his desired transaction. He says he filed the complaint and presented the Bill of Exchange concurrently, and he notes that he filed "this lawsuit to ensure compliance with federal and commercial banking laws" [1 at 2]. Mr. Rogers seems to acknowledge this in part, as he says, "If Defendant processes the Bill of Exchange within or before the stipulated time frame, Plaintiff will dismiss this case as no violation will have occurred" [1 ¶ 11]. That's not how the legal system works, and the court won't permit Mr. Rogers to use a preemptive lawsuit as a threat to Flagstar.

The court has considered whether Mr. Rogers should be entitled to leave to amend his pleading; but, given he has no standing and no ripe controversy, doing so would be futile here.

## CONCLUSION

Accordingly, the court DENIES Mr. Rogers's motion to proceed *in forma pauperis* [2] and DISMISSES his case for lack of standing.

SO ORDERED.

March 10, 2025                                  *s/ Damon R. Leichty*
                                                Judge, United States District Court

3